The FAIRMOUNT TOWN COMPANY v. C. D. ROUSE.

No. 567. (58 Pac. 228.)

AGENCY—*Evidence.* The representations relied upon were made by one J., but there is no competent evidence in the record to show that J. was acting as the agent of the plaintiff.

Error from Harper district court; G. W. McKAY, judge. Opinion filed September 16, 1899. Reversed.

*J. V. Daugherty,* for plaintiff in error.
*Washbon & Washbon,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This action was brought by plaintiff in error in the district court of Harper county,

37—9 KAN. APP.

against defendant in error, to enforce the specific performance of a written contract.

From the pleadings, it appears that the plaintiff and defendant entered into a written agreement whereby the plaintiff agreed to sell to the defendant a certain town lot in the city of Iuka, Kan. As a consideration for the sale and transfer of such lot defendant agreed to pay the company the sum of $250, in three equal instalments of $83.34 each, with interest on deferred payments at the rate of ten per cent. per annum from date of contract. Defendant made the first payment at the time the contract was signed, but refused to pay the remaining instalments when they became due, and it was to enforce payment of same that this action was brought. A copy of the contract was attached to the petition.

Defendant in his answer admitted the execution of the contract and payment of the first instalment, but alleged that he was induced to sign the contract and pay such instalment by the false and fraudulent representations of the plaintiff, and that said contract was thereafter annulled by agreement of the parties and plaintiff promised and agreed to refund the instalment already paid on said contract.

Plaintiff replied by a general denial. A trial was had before a jury, a verdict returned in favor of defendant, and plaintiff brings the case here for review.

Plaintiff contends " that the court erred in admitting testimony as to the transaction and conversation had with one J. B. Johnson regarding the purchase of its lots, without having first shown that Johnson was the agent of the plaintiff or represented it in any way," and this contention we must hold to be well grounded. There was no averment in the answer of the defendant that Johnson or any one else was the

agent of the plaintiff, and the fact of agency could not, therefore, be taken as true from a failure to deny the answer under oath. The defendant sought to be relieved from performance of his agreement on the ground of fraudulent misrepresentation and an agreement to annul the contract and refund the money already paid. There is no evidence to show that any person other than Johnson ever made any representations or statements in connection with the contract of sale, and unless the evidence showed that he was acting as agent of plaintiff it would not be bound by any fraudulent representations made by him.

We have carefully examined the record, but have been unable to discover any competent evidence showing that Johnson was agent of the plaintiff, and the judgment of the district court will therefore be reversed and the cause remanded for a new trial.